**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANDREW WOLTERS, | : | Civil No. 1:26-CV-01153 |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| G. SWANEY, | : | |
| | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

# MEMORANDUM

Before the court are a petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Andrew Wolters ("Petitioner"), an inmate currently housed at the Federal Correctional Institution Allenwood ("FCI-Allenwood"). (Doc. 1.) Petitioner has also filed a request to appoint counsel. (Doc. 6.) The court will dismiss Plaintiff's petition for lack of subject matter jurisdiction, deny the request to appoint counsel, and close the case.

## BACKGROUND AND PROCEDURAL HISTORY

On May 1, 2026, the court received and docketed a petition for writ of habeas corpus under 28 U.S.C. § 2241 alleging that he had been denied dental care while housed at FCI-Allenwood. (Doc. 1.) Petitioner is seeking "an order that directs prison warden to instruct his staff to make an appointment to get Petitioner's effected tooth re-filled and capped by an outside dentist since prison dentist routinely shows racial bias and is not going to give proper care and

attention to dental injury." (Doc. 1, p. 6.) Petitioner placed the petition in the mail on April 27, 2026. (Doc. 1, at 7.)

The court issued an administrative order requiring Petitioner to pay the filing fee or file a motion to proceed *in forma pauperis*. (Doc. 3.) On May 27, 2026, Petitioner paid the requisite filing fee. On July 27, 2026, Petitioner filed a request to appoint counsel. (Doc. 6.)

The court will now screen the petition pursuant to Rule 4.

## VENUE

A § 2241petition must be filed in the district where the petitioner is in custody. *See Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") Petitioner was housed at FCI-Allenwood in Union County, Pennsylvania, which is located in this district. *See* 28 U.S.C. § 118(b). Therefore, this court is the proper venue for the action.

## DISCUSSION

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. §

2254 Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241.s 28 U.S.C. § 2254 Rule 1.

Section 2241 confers federal jurisdiction over a habeas petition that has been filed by a federal inmate challenging "not the validity but the execution of [their] sentence." *See Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012) (citations and footnote omitted); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005) (stating that Section 2241 "allows a federal prisoner to challenge the 'execution' of his sentence in habeas"). While "the precise meaning of 'execution of the sentence' is hazy[,]" the phrase has been interpreted as to "put into effect" or "carry out." *See Woodall*, 432 F.3d at 242, 243 (citation omitted). Thus, Section 2241 allows a petitioner to challenge "the 'manner, location, or conditions of a sentence's execution.'" *See id.* at 242 (quoting *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000)).

The Third Circuit has explained that explained that "to challenge the execution of [their] sentence under § 2241, [a petitioner] would need to allege that [the] BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." *Cardona*, 681 F.3d at 537. Here, Petitioner's assertions that he did not receive timely and proper dental care, is not cognizable under Section 2241. Therefore, the court will dismiss the petition for lack of subject matter jurisdiction.

## CONCLUSION

Because the court lacks subject matter jurisdiction, it will dismiss the petition. The court will deny the pending request for appointment of counsel as moot and close the case.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: September 29, 2026